JUSTICE BAKER,
dissenting.
¶43 I agree with Justice Rice that the District Court did not err in granting summary judgment to State Farm on this record. I write separately because of my concern that the Court has in fact imposed a heightened duty on an insurance agent, despite its statement to the contrary. Opinion, ¶ 32.
¶44 Baileys raised, as their second issue on appeal, the claim that *87 State Farm and Olson had “a duty to advise the Baileys regarding UIM coverage,” and they urge this Court to “expand an agent’s duty beyond a mere duty to procure” the insurance requested by the insured. They cite numerous cases from other jurisdictions in which courts have held that an insurance agent’s duty is not limited to responding to a specific request for coverage, but that an agent may be liable under theories of professional negligence for failing to recommend UIM coverage or advise the insured of coverage needs. They also point out “that no such heightened duty of care has yet been recognized under Montana law.” Monroe v. Cogswell Agency, 2010 MT 134, ¶ 31, 356 Mont. 417, 234 P.3d 79. By finding a factual issue for trial on the basis that Fetters did not explain UIM coverage when Stan called her in May 2005 to change his coverages (Opinion, ¶ 29), the Court is at least implicitly ruling that Olson and his agents had a heightened duty to advise or offer specific coverages, just as Baileys have requested. Without expressly so holding, the Court’s ruling today will generate additional confusion in the law regarding the scope of an insurance agent’s duty to the insured.